Law Office of John Poppin
John Poppin, Esq. (SBN 32277)
600 California St., 14th Floor
San Francisco CA 94108
Tel: 415 398 6700
Fax: 415 398 5019
E-mail: jpoppin@pacbell.net

Law Office of Bruce S. Osterman
Bruce S. Osterman (SBN 39310)
David Edward May (SBN 83734)
476 Jackson Street, 3rd Floor
San Francisco CA 94111-1617
Tel: 415 399 3900
Fax: 415 399 3920
E-mail: bso@bruceosterman.com

Attorneys for Creditors
SNYDER TRUST ENTERPRISES,
JOHN POPPIN & MARGARET POPPIN

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2002 MAY 31 PM 3: 52

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WORLDPOINT INTERACTIVE, INC., a<br>Delaware corporation,<br><br>                         Debtor. | Bk. No. 02-00867<br>Chapter 7<br>PRELIMINARY HEARING<br>Date: June 5, 2002<br>Time: 3:30 p.m.<br>Judge: Hon. Lloyd King |

**SUPPLEMENTAL DECLARATION OF DAVID EDWARD MAY
IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY
OF CREDITORS
SNYDER TRUST ENTERPRISES, JOHN POPPIN & MARGARET POPPIN**

I, David Edward May, declare under penalty of perjury as follows:

Page 1

**ORIGINAL**

1.     I am an attorney licensed to practice law in the State of California. I am an associate of the Law Office of Bruce S. Osterman, and have appeared as co-counsel in San Francisco Superior Court action no. 320236 entitled *Eicon, Inc. v. Worldpoint Interactive, Inc.* on behalf of defendants Snyder Trust Enterprises, John Poppin and Margaret Poppin. All filings and orders referred to below occurred in that action.

2.     On July 5, 2001, a Temporary Protective Order was issued by the San Francisco Superior Court with respect to the personal property located at 706 Sansome Street prohibiting Worldpoint Interactive, Inc. and Massimo Fuchs from transferring, either directly or indirectly, any interest in that personal property pending a decision on the application for Writ of Attachment. That order provided: "The property subject to the following order is: All Personal Property of WorldPoint Interactive, Inc., located at 706 Sansome Street, San Francisco, CA, including, but not limited to, computers, servers, monitors (including wall plasma monitors), copiers, office furniture and fixtures (including artwork), glass partitions, both installed and uninstalled, security system, telephone system, and other business equipment and supplies (hereinafter 'Personal Property')." A true and correct copy of the filed endorsed Temporary Protective Order is attached hereto as Exhibit A.

3.     On August 8, 2001, a hearing was held on the request of Cross-complainants Snyder Trust Enterprises, *et al.* (i.e., John Poppin and Margaret Poppin) for a right to attach order and issuance of a writ of attachment in the subject lawsuit. On that same date, an order was issued by the San Francisco Superior Court declaring the applicants' right to attach the personal property specified and directing the clerk to issue a writ of attachment. A true and correct copy of the filed endorsed Right to Attach Order is attached hereto as Exhibit B.

4.     On October 2, 2001, pursuant to the Right to Attach Order described in paragraph 3

above and attached hereto as Exhibit B, a Writ of Attachment was issued in favor of Snyder Trust Enterprises, John Poppin and Margaret Poppin and against Worldpoint Interactive, Inc. A true and correct copy of that Writ of Attachment is attached hereto as Exhibit C.

5.      On October 11, 2001, J. Michael Pisias, Jr., one of the attorneys for Snyder Trust Enterprises et al., submitted the writ of attachment to the Sheriff of the City and County of San Francisco with instructions to levy by filing an AT-1 form with the California Secretary of State. A true and correct copy of the receipt from the Sheriff is attached hereto as Exhibit D. A true and correct copy of the partially completed AT-1 form submitted to the Sheriff is attached hereto as Exhibit E. It should be noted that the AT-1 form included the following language: "5. NOTICE IS HEREBY GIVEN THAT: ☒ Plaintiff has acquired an attachment lien in accordance with the provisions of the California Code of Civil procedure on the specific property described below. A writ of attachment has been issued on (date) October 2, 2001. Pursuant to a Temporary Protective Order issued by the Court on July 5, 2001. ... 6. DESCRIPTION OF SPECIFIC PROPERTY ATTACHED All Personal Property of WorldPoint Interactive, Inc., located at 706 Sansome Street, San Francisco, CA, including, but not limited to, computers, servers, monitors (including wall plasma monitors), copiers, office furniture and fixtures (including artwork), glass partitions, both installed and uninstalled, security system, telephone system, and other business equipment and supplies."

6.      On October 22, 2001, the AT-1, as completed by the Sheriff of the City and County of San Francisco, was filed by the Secretary of State of California at 5:00 p.m. (1700 hours) with filing number 0129660476 and is currently carried in the Secretary of State's records as an "Attachment Lien." A true and correct facsimile copy of the filed endorsed AT-1 is attached hereto

as Exhibit F. A certified copy will be forwarded to this Court as soon as we can obtain one from the Secretary of State. A printed record of the information maintained by the Secretary of State and available for access over the internet by legal information provider Lexis-Nexis is attached hereto as Exhibit G.

7.     On January 22, 2002, a Judgement by Court after Default was entered in favor of Snyder Trust Enterprises, John Poppin and Margaret Poppin against Worldpoint Interactive, Inc. and Massimo Fuchs in the amount of $250,000 plus $42,509 attorney fees, plus $4,297 additional costs for a total of $296,806. A true and correct copy of the Judgment is attached hereto as Exhibit H.

8.     On January 31, 2002, the Clerk of the Superior Court issued a Writ of Execution in the amount of the Judgement plus a fee of $7 for issuance of the Writ and interest at $81 per day from the date of the Writ. "The lien of an attachment is merged . . . with the lien of a writ of execution in the case of personal property." (*Durkin v. Durkin* (1955) 133 Cal.App.2d 283, 294 citing *Balzano v. Traeger* (1928) 93 Cal.App. 640, 643-4.) A true and correct copy of the Writ of Execution is attached hereto as Exhibit I.

Dated:          May 30, 2002

David Edward May

Exhibit A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| J. Michael Pisias, Jr., State Bar No. 54335<br>Jason Z. Jungreis, State Bar No. 148733<br>Law Offices of J. Michael Pisias, Jr.<br>177 Post Street, Suite 700<br>San Francisco, CA 94108<br>TELEPHONE NO.: (415) 433-3993    FAX NO.:  (415) 433-3997<br>ATTORNEY FOR *(Name)*:  John Poppin, et.al. | ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>JUL 05 2001<br><br>GORDON PARK-LI, Clerk<br>BY: _____ |

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street, Room 205
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:  CROSS-COMPLAINANTS  SNYDER TRUST ENTERPRISES, et al.

DEFENDANT:  CROSS-DEFENDANTS WORLDPOINT INTERACTIVE, INC. et al.

| TEMPORARY PROTECTIVE ORDER | CASE NUMBER:<br>320236 |
|---|---|

1. The court has considered the application of plaintiff for
   a. [x] a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. [x] an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

## FINDINGS

2. THE COURT FINDS
   a. Defendant is a [ ] natural person [ ] partnership [ ] unincorporated association [x] corporation [ ] other *(specify)*:
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ $533,000.00
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) [x] There is a danger that the property sought to be attached would be
         (a) [ ] concealed.
         (b) [ ] substantially impaired in value.
         (c) [x] made unavailable to levy by other than concealment or substantial impairment in value.
      (2) [ ] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [ ] Other circumstances:

   g. [x] The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 7,500.00    before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:  All Personal Property of WorldPoint Interactive, Inc., located at 706 Sansome Street, San Francisco, CA, including, but not limited to, computers, servers, monitors (including wall plasma monitors), copiers, office furniture and fixtures (including artwork), glass partitions, both installed and uninstalled, security system, telephone system, and other business equipment and supplies (hereinafter "Personal Property").

(Continued on reverse)

**TEMPORARY PROTECTIVE ORDER**
(Attachment)

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS

a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.

b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

c. ☐ Other *(specify)*:

d. This order shall expire at the earliest of the following times:

(1) when plaintiff levies upon specific property described in this order,

(2) after *(date)*: , or

(3) 40 days after the issuance of this order.

4. Number of pages attached: 1

Date: JUL 5 2001

RICHARD E. BEST

(TYPE OR PRINT NAME)       (SIGNATURE OF JUDGE OR COMMISSIONER)

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.

a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:

(1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.

(2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.

(3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.

(4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.

b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:

(1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.

(2) One thousand dollars ($1,000).

c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

[SEAL]

### CLERK'S CERTIFICATE

I certify that the foregoing is a correct copy of the original on file in my office.

Date:

Clerk, by _____ , Deputy

AT-140 [Rev. January 1, 2000]

**TEMPORARY PROTECTIVE ORDER**
**(Attachment)**

Page two

Exhibit B

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
J. Michael Pisias, Jr., State Bar No. 54335
Jason Z. Jungreis, State Bar No. 148733
Law Offices of J. Michael Pisias, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108
TELEPHONE NO.: (415) 433-3993     FAX NO.: (415) 433-3997
ATTORNEY FOR *(Name)*: John Poppin, et.al.

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT
2001 AUG -8 PM 1:00
GORDON PARK - LI, CLERK
BY:
DEPUTY CLERK

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street, Room 205
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF: CROSS-COMPLAINANTS SNYDER TRUST ENTERPRISES, et al.

DEFENDANT: CROSS-DEFENDANT WORLDPOINT INTERACTIVE, INC., et al.

| [x] **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>320236 |
|---|---|

1.a. The application of plaintiff *(name)*: CROSS-COMPLAINANTS SNYDER TRUST ENTERPRISES, et al.
for [X] a right to attach order and order for issuance of writ of attachment
[ ] an order for issuance of additional writ of attachment
against the property of defendant *(name)*: CROSS-DEFENDANT WORLDPOINT INTERACTIVE, INC., et al.
came on for hearing as follows:
  (1) Judge *(name)*: *Richard E. Best*
  (2) Hearing date: *8/8/01*  Time: *9:00 AM*  [ ]Dept.: *610*  [ ] Div.:  [ ]Rm.: *610*
b. The following persons were present at the hearing:
  (1) [ ] Plaintiff *(name)*: CROSS-COMPLAINANTS SNYDER TRUST ENTERPRISES, et al.    (3) [x] Plaintiff's attorney *(name)*: J. Michael Pisias, Jr.
  (2) [ ] Defendant *(name)*: CROSS-DEFENDANT WORLDPOINT INTERACTIVE, INC., et al *NO APPEARANCE*    (4) [ ] Defendant's attorney *(name)*:

2. THE COURT FINDS **FINDINGS**
a. Defendant *(specify name)*: CROSS-DEFENDANT WORLDPOINT IN is a [ ] natural person [ ] partnership [ ] unincorporated association [x] corporation [ ] other *(specify)*:
b. The claim upon which the application is based is one upon which an attachment may be issued.
c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
e. The amount to be secured by the attachment is greater than zero.
f. [x] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
g. [x] The following property of defendant, described in plaintiff's application
  (1) [ ] is exempt from attachment *(specify)*:

  (2) [x] is not exempt from attachment *(specify)*: All property described.

h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
  (1) [ ] is exempt from attachment *(specify)*:

  (2) [ ] is not exempt from attachment *(specify)*:

i. [x] An undertaking in the amount of: $ 7,500.00    is required before a writ shall issue, and plaintiff
  [x] has [ ] has not  filed an undertaking in that amount.
j. A Right to Attach Order was issued on *(date)*:    pursuant to
  [ ] Code of Civil Procedure section 484.090 (on hearing)    [ ] Code of Civil Procedure section 485.220 (ex parte)
k. [x] Other *(specify)*:
  *No timely opposition was filed*

(Continued on reverse)

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Legal Solutions Plus

Code of Civil Procedure,
§§ 482.030, 484.090

## ORDER

3. THE COURT ORDERS

   a. Plaintiff has a right to attach property of defendant *(name)*:   CROSS-DEFENDANT WORLDPOINT INTERACTIVE, INC., et al.
     in the amount of: $ 553,000.00

   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

   c. The clerk shall issue ☒ a writ of attachment ☐ an additional writ of attachment in the amount stated in item 3a
     ☒ forthwith ~~☐ upon the filing of an undertaking in the amount of: $ 7,500.00~~ /es

      (1) ☒ for any property of a defendant who is **not** a natural person for which a method of levy is provided.

      (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*:

      (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

      (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

   ~~d. ☐ Defendant shall transfer to the levying officer possession of~~ maintain upon to premises (706 Sansome Street, San Francisco, CA)
      (1) ☐ any documentary evidence in defendant's possession of title to any property ~~described in item 3c;~~
      (2) ☐ any documentary evidence in defendant's possession of debt ~~owed to defendant described in item 3c;~~
      (3) ☒ the following property in defendant's possession *(specify)*:
        All personal property of WorldPoint Interactive, Inc., located at 706 Sansome Street, San Francisco, California, including, but not limited to, computers, servers, monitors (including wall plasma monitors), copiers, office furniture and fixtures (including artwork), glass partitions, both installed and uninstalled, security system, telephone system, and other business equipment and supplies (hereinafter "Personal Property").

> **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. ☐ Other *(specify)*:

   f. Total number of boxes checked in item 3: **3**

Date: July 9, 2001

Richard E. Best
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF JUDGE OR COMMISSIONER)

Exhibit C

J. Michael Pisias, Jr.State Bar No. 54335
Jason Z. Jungreis, State Bar No. 148733
Law Offices of J. Michael Pisias, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108

TELEPHONE NO: (415) 433-3993

FOR RECORDER'S USE ONLY

ATTORNEY FOR (Name): John Poppin, et.al.

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street, Room 205
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF: CROSS-COMPLAINANTS SNYDER TRUST ENTERPRISES, et al.

DEFENDANT: CROSS-DEFENDANT WORLDPOINT INTERACTIVE, INC. et al.

**WRIT OF ATTACHMENT**
[x] **AFTER HEARING**   [ ] **EX PARTE**

CASE NUMBER:
320236

FOR COURT USE ONLY

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF:
The City and County of San Francisco

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant (name and last known address):
WorldPoint Interactive, Inc., 1132 Bishop Street, #2500, Honolulu, HI 96813-2843

and the attachment is to secure: $ 553,000.00

4. Name and address of plaintiff: Snyder Trust Enterprises, et al., Cross-Complainants, c/o J. Michael Pisias, Jr. 177 Post St., Ste. 700, San Francisco, CA 94108-4712

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment (describe property and state its location; itemize by letter):
[x] This information is on an attached sheet.
706 SAMSOME ST. SAN FRANCISCO, CA.

6. [ ] An interest in the real property described in item 5 _____ stands upon the records of the county, in the name of the following person other than the defendant:
a. Name:
b. Mailing address, if known, as shown by the records of the office of the county tax assessor (specify):

7. [ ] The real property on which the
[ ] crops described in item 5 _____ are growing
[ ] timber described in item 5 _____ to be cut is standing stands upon the records of the county in the name of
a. Name:
b. Address:

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
EUREKA

Date: OCT 0 2 2001

GORDON PARK-LI

Clerk, by _Lillian Smith_, Deputy

Lillian Smith

Form Approved by the
Judicial Council of California
AT-135 [Rev. July 1, 1983]
Optional Form

**WRIT OF ATTACHMENT**
(Attachment)

Legal
Solutions
Plus

CCP 488.010

# Attachment - Description of Personal Property

**Cross Complainants Synder Trust Enterprises v. Cross-Defendant WorldPoint Interactive, Inc. et al., Case No. 320236**

Tangible Personal Property of WorldPoint including, but not limited to,

1.  Computers
2.  Servers
3.  Monitors (including wall plasma monitors),
4.  Copiers,
5.  Office furniture and fixtures (including artwork)
6.  Glass partitions;
7.  Security System, and
8.  Telephone System and other business equipment and supplies.



Exhibit D



San Francisco Sheriff's Dept.
Civil Division
1 Dr. Carlton B. Goodlett Pl.  Rm 456
San Francisco, CA  94102

| | | |
|---|---|---|
| Sheriff's File #: | 2001119105 | Date: 10/11/2001 |
| Court Case #: | 320236 | Transaction #: 029 / 0000655( |
| Court : | SAN FRANCISCO SUPERIOR | |

Plaintiff:  CROSS-COMPLAINTS SNYDER TRUST ENTERPRISES ET AL
Defendant:  CROSS-DEFENDANTS WORLDPOINT INTERACTIVE, INC. ET AL

Received From:  J. Michael Pisias, Jr. #54335
Date Received:  10/11/2001 9:50:38 AM
Amount Credited:  $30.00

his receipt is for your service fee, deposit or funds
eceived from a levy. All funds received from levies will
utomatically be mailed to you within 30-45 days.
**lease do not call for a status. Thank You.**

J. Michael Pisias, Jr. #54335
177 Post Street, Ste 700
San Francisco, CA 94108



Exhibit E

# NOTICE OF ATTACHMENT LIEN / TERMINATION / AMENDMENT
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Jason Z. Jungreis, State Bar No. 148733
Law Offices of J. Michael Pisias, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108

THIS SPACE FOR FILING OFFICE USE ONLY

**1. COURT**

San Francisco Superior Court

**2. TITLE AND NUMBER OF CASE**

**3. DEFENDANT'S/DEBTOR'S EXACT LEGAL NAME – insert only one name, either 3a or 3b. Do not abbreviate or combine names.**

3a. ORGANIZATION'S NAME  WorldPoint Interactive, Inc.

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1050 Bishop Street, Suite 272 | Honolulu | HI | 96813 | US |

**4. PLAINTIFF'S/SECURED PARTY'S EXACT NAME – Enter one name, either 4a or 4b. Do not abbreviate or combine names.**

4a. ORGANIZATION'S NAME  Snyder Trust Enterprises

| 4b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 4c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1890 Broadway, Apt. 505 | San Francisco | CA | 94109 | US |

**5. NOTICE IS HEREBY GIVEN THAT:**

[X] Plaintiff has acquired an attachment lien in accordance with the provisions of the California Code of Civil procedure on the specific property described below. A Writ of Attachment has been issued by the court on

October 2, 2001
(date) _____

Pursuant to a Temporary Protective Order issued by the Court on July 5, 2001.

[ ] By order of the court dated _____ plaintiff no longer has an attachment lien on the collateral of defendant. The notice originally filed with the Secretary of State dated _____ and File No. _____ is hereby terminated.

[ ] Plaintiff no longer claims an attachment lien on the collateral of defendant. The notice originally filed with the Secretary of State dated _____ and File No. _____ is hereby terminated.

[ ] By order of the court dated _____ the notice of attachment lien originally filed with the Secretary of State dated _____ and File No. _____ is amended as set forth on the attached page.

**6. DESCRIPTION OF SPECIFIC PROPERTY ATTACHED**

All personal property of WorldPoint Interactive, Inc., located at 706 Sansome Street, San Francisco, California, including, but not limited to computers, servers, monitors (including wall plasma monitors), copiers, office furniture and pictures (including artwork), glass partitions, both installed and uninstalled, security system, telephone system, and other business equipment and supplies.

**7.** I certify that I have received the writ of attachment described above, or the order described above or plaintiff's written release of attachment lien described above, as the case may be.

SHERIFF OR MARSHAL  (Printed name)

SIGNATURE  and TITLE

DATE

ATTACHMENT LIEN FORM (Rev. 6/13/01)

Approved CA Secretary of State

# AT 1, AT 3 FILING INSTRUCTIONS

Please type or laser-print information on this form. Be sure information provided is legible. Read all instructions and follow them completely. Fill-in form very carefully as mistakes may have important legal consequences. Do not insert anything in the open space in the upper right portion of this form as it is reserved for filing office use. Do not staple or otherwise mutilate the barcode in the upper left hand corner of the document, this will render the barcode ineffective.

If the space provided for any item is inadequate:

- Continue the item, preceded by the Item No., on an additional 81/2" x 11" sheet of paper
- Head each additional sheet with the defendant's/debtor's name appearing in Item No. 3 of this form. Be sure to attach the additional sheet to each copy of the form.

A copy of the Court Order should **not** accompany the Notice of Attachment Lien form submitted to the filing office. The fact that the court has entered an order for issuance of a Writ of Attachment is evidenced by the signature of the Sheriff or Marshal on the Attachment Lien form.

To provide the requester with an acknowledgment of filing, the original and a duplicate copy of the notice must be presented for filing.

| | |
|---|---|
| **Section A:** | To assist filing office communication with the filer, information in this section may be provided. |
| **Section B:** | Enter name and mailing address of requester. This is required information. |
| **ITEM 1:** | Enter the name of the court that issued the order for the attachment lien. |
| **ITEM: 2** | Enter the title and case number that appears on the court order. |
| **ITEM: 3a or 3b** | Enter the exact legal name of the organization **or** name of the individual that is the defendant/debtor appearing on the court document. |
| **ITEM: 3c** | Enter the last known mailing address of the defendant/debtor. |
| **ITEM: 4a or 4b.** | Enter the exact legal name of the organization **or** name of the individual that is the plaintiff appearing on the court document. |
| **ITEM: 5** | Check one box. If this filing is an amendment or termination, state the Secretary of State file number and the date the original lien was filed. |
| **ITEM: 6** | Use this box for property description if the first box is checked, or enter the Secretary of State file number here if the second, third, or fourth box is checked. |
| **ITEM: 7** | Be sure that the Notice of Attachment Lien form has been properly signed. |

**FEE:**
The filing fee is ten dollars ($10.00) for submittal of an original document containing two pages or less, and twenty dollars ($20.00) for submittal of an original document containing three pages or more. Please send a check made payable to the **Secretary of State**. Contact the filing office for information concerning the establishment of prepay accounts, use of special handling services, or other payment options. DOCUMENTS NOT ACCOMPANIED BY THE FILING FEE WILL NOT BE PROCESSED.

**MAILING ADDRESS:**
When properly completed, send **payment,** and the **original,** and a **duplicate copy** of the notice to:

**Secretary of State**
**P.O. Box 942835**
**Sacramento, CA 94235-0001**



Exhibit F

0129660476

**NOTICE OF ATTACHMENT LIEN / TERMINATION / AMENDMENT**

Jason Z. Langlois, State Bar No. 145733
Law Offices of J. Michael Pinna, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108

FILED
SACRAMENTO, CA
OCT 17, 2001 AT 1700
BILL JONES
SECRETARY OF STATE

THIS SPACE FOR FILING OFFICE USE ONLY

COURT
San Francisco Superior Court

TITLE OF NAME OF CASE
**SNYDER TRUST ENTERPRISES VS. WORLDPOINT INTERACTIVE, INC**   CASE # 328216

WorldPoint Interactive, Inc.

| | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| MAILING ADDRESS 1050 Bishop Street, Suite 272 | CITY Honolulu | STATE HI | POSTAL CODE 96813 | COUNTRY US |

Snyder Trust Enterprises

| | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| MAILING ADDRESS 1850 Broadway, Apt. 526 | CITY San Francisco | STATE CA | POSTAL CODE 94109 | COUNTRY US |

☒ October 2, 2001 — Pursuant to a Temporary Protective Order issued by the Court on July 5, 2001.

☐

☐

☐

**DESCRIPTION OF ENTIRE PROPERTY ATTACHED**

All personal property of WorldPoint Interactive, Inc., located at 155 Sansome Street, San Francisco, California, including, but not limited to computers, servers, monitors (including wall mounts), copiers, office furniture and cabinets (including cabinets), glass furniture, both assembled and unassembled, security systems, telephone systems, and other business equipment and supplies.

MICHAEL HENNESSEY, SHERIFF                                      OCT 1 6 2001

SHERIFF OR MARSHAL (printed name)               JOE GARCIA, SR. DEPUTY
                                                SUPERIOR COURT, CIVIL DIVISION          DATE

Exhibit G

Source: <u>All Sources</u> > / . . . / > **Combined Uniform Commercial Code Liens Filings** 🛈
Terms: **worldpoint interactive** (<u>Edit Search</u>)

☞ Select for FOCUS™ or Delivery
Γ

### *CALIFORNIA SECRETARY OF STATE, UCC RECORD*

\*\*\*THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE OFFICE OF THE CALIFORNIA SECRETARY OF STATE\*\*\*

CALIFORNIA SECRETARY OF STATE, UCC RECORD

**DEBTOR(S): WORLDPOINT INTERACTIVE,** INC. [BUSINESS]
    1050 BISHOP STREET, SUITE 272
    HONOLULU, HI 96813

**SECURED PARTIES:** SNYDER TRUST ENTERPRISES
    1890 BROADWAY, APT. 505
    SAN FRANCISOC, CA 94109

**FILING-DATE: 10**/22/2001

**FILING-TIME:** 05:00 PM

**EXPIRATION DATE:** 10/22/2004

**FILING-NUMBER:** 0129660476

**STATUS:** ACTIVE

**TYPE:** ATTACHMENT LIEN

**CALL LEXISNEXIS DOCUMENT SOLUTIONS FOR ALL YOUR FILING NEEDS.
800.634.9738**

Source: <u>All Sources</u> > / . . . / > **Combined Uniform Commercial Code Liens Filings** 🛈
Terms: **worldpoint interactive** (<u>Edit Search</u>)
Mandatory Terms: **date in-between january 1, 2001 : may 15, 2002**
View: Full
Date/Time: Tuesday, May 28, 2002 - 5:16 PM EDT

<u>About LexisNexis</u> | <u>Terms and Conditions</u>

<u>Copyright ©</u> 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit H

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
Jason Z. Jungreis
Law Offices of J. Michael Pisias, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108

(415) 433-3993
ATTORNEY(S) FOR   Snyder Trust Enterprises,John Poppin, et.al

# F I L E D
San Francisco County Superior Court

JAN 2 2 2002

GORDON PARK-LI, Clerk
BY: _____ M. _____
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

| | |
|---|---|
| SNYDER TRUST ENTERPRISES, JOHN POPPIN, MARGARET ANNE POPPIN, 706 SANSOME PROPERTIES **PLAINTIFF(S)** | **CASE NUMBER** 320236 |
| vs WORLDPOINT INTERACTIVE, INC. **DEFENDANT(S)** | **JUDGMENT BY COURT AFTER DEFAULT** |

This cause came on to be heard before Honorable   LORETTA M. NORRIS

_____ Judge presiding in Department  218 , on  Jan. 22 , 200

Jason Z. Jungreis, Esq.,

appearing as attorney for plaintiff(s), and it appearing that defendant(s),   WORLDPOINT INTERACTIVE, INC. , A
massimo  FUCHS /N

having been regularly served with process, having failed to appear and answer the plaintiff(s) complaint filed here-
in, and the default of said defendant(s) having been duly entered and evidence having been introduced in open
session of this Court:

It is therefore ordered, adjudged, and decreed that plaintiff(s)   SNYDER TRUST ENTERPRISES, JOHN

POPPIN, MARGARET ANNE POPPIN, 706 SANSOME PROPERTIES

recover from said defendant(s) the sum of $  250,000 , interest on said sum to the date hereof in the sum

of $  0 , and attorney's fees in the sum of $  42,509 , total of $  292,509 ,

with plaintiff(s) costs and disbursements amounting to the sum of $  4,297 , together with interest

on said judgment as provided by law.

The Clerk is ordered to enter the judgment.

22 /N

Dated: January 7, 2002 _____

_____
Judge

## JUDGMENT BY COURT AFTER DEFAULT

Exhibit I

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
☐ Recording requested by and return to:

TELEPHONE NO.: (415) 399-3900

FOR RECORDER'S USE ONLY

David Edward May, Esq. (83734)
Law Office of Bruce S. Osterman
476 Jackson Street, 3rd Floor
San Francisco CA 94111-1617

☑ ATTORNEY FOR   ☑ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

NAME OF COURT: Calif. Superior Court, San Francisco County
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco CA 94102-4514
BRANCH NAME:

PLAINTIFF: Eicon, Inc.

DEFENDANT: Worldpoint Interactive, Inc.

| WRIT OF | ☒ EXECUTION (Money Judgment) | CASE NUMBER: |
|---|---|---|
| | ☐ POSSESSION OF ☐ Personal Property | 320236 |
| | ☐ Real Property | FOR COURT USE ONLY |
| | ☐ SALE | |

1. To the Sheriff or any Marshal or Constable of the County of:
   San Francisco
   You are directed to enforce the judgment described below with daily interest and
   your costs as provided by law.
2. To any registered process server: You are authorized to serve this writ only in
   accord with CCP 699.080 or CCP 715.040.
3. *(Name):* Snyder Trust Enterprises et al.
   is the ☒ judgment creditor ☐ assignee of record
   whose address is shown on this form above the court's name.
4. Judgment debtor *(name and last known address):*

   ┌─────────────────────────────┐
   │ Worldpoint Interactive, Inc.│
   │ 1132 Bishop Street          │
   │ Honolulu HI 96813-2843      │
   └─────────────────────────────┘

   ┌─────────────────────────────┐
   │ Massimo Fuchs               │
   │ 5403 Kalanianaole Hwy       │
   │ Honolulu HI 96821           │
   └─────────────────────────────┘

   ☐ additional judgment debtors on reverse
5. Judgment entered on *(date):* Jan. 22, 2002

6. ☐ Judgment renewed on *(dates):*

7. Notice of sale under this writ
   a. ☐ has not been requested.
   b. ☒ has been requested *(see reverse).*
8. ☐ Joint debtor information on reverse.

[SEAL] SUPERIOR COURT OF CALIFORNIA · EUREKA · COUNTY OF SAN FRANCISCO

9. ☐ See reverse for information on real or personal property to be
   delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment ........................................ $ 296,806
12. Costs after judgment (per filed order or
    memo CCP 685.090) ............................... $
13. Subtotal *(add 11 and 12)* ........................ $ 296,806
14. Credits ................................................ $
15. Subtotal *(subtract 14 from 13)* ............... $ 296,806
16. Interest after judgment (per filed affidavit
    CCP 685.050) ...................................... $
17. Fee for issuance of writ ........................... $ 7
18. Total *(add 15, 16, and 17)* ..................... $ 296,813
19. Levying officer:
    (a) Add daily interest from date of writ
        *(at the legal rate in 15)* of 10% ........ $ 81
    (b) Pay directly to court costs included in
        11 and 17 (GC 6103.5, 68511.3; CCP
        699.520(i)) ..................................... $
20. ☐ The amounts called for in items 11-19 are different for each debtor.
    These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* JAN 31 2002   Clerk, by _____ , Deputy

— NOTICE TO PERSON SERVED: SEE REVERSE FOR IMPORTANT INFORMATION—

Page 1 of 2

Form Approved by the
Judicial Council of California
EJ-130 [Rev. January 1, 1997]
Optional Form

WRIT OF EXECUTION

Legal Solutions Plus

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
*See note on reverse.